UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TECHNICAL INDUSTRIES, INC, ET AL. | CIVIL ACTION NO. 6:20-1065 |
| VERSUS | JUDGE SUMMERHAYS |
| SB INT'L, INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is the Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, Motion to Abstain or Stay [Doc. 5] filed by defendants SB International, Inc. and Mudit Agarwal (collectively, "defendants"). The motion is unopposed, and the delays for filing an opposition brief have passed. For the reasons that follow, the undersigned recommends that the motion to dismiss for lack of personal jurisdiction be DENIED at this time, and the motion to stay be GRANTED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

According to the instant motion, this litigation arises out of a contract between the defendant, SB International, Inc. ("SBI") and the plaintiffs, Technology Industries, Inc. ("TI") and Energy Technology Manufacturing & Threading, LLC ("ETMT"), under which TI and ETMT agreed to provide storage services related to

1

SBI's steel pipe products in the plaintiffs' warehouse in Houston, Texas. SBI alleges that TI and ETMT breached the contract and there is pending litigation filed by SBI in state court in Harris County, Texas. In that lawsuit, SBI argues that the contract at issue was negotiated and consummated in Texas, and that plaintiffs violated the terms and conditions of the contract and eventually appropriated and converted SBI's products that were stored and controlled by TI and ETMT.[1]

Several months after the Texas state court lawsuit was filed, the present lawsuit was filed in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana by TI and ETMT. SBI and Agarwal removed the matter to this Court on August 17, 2020. In the instant case, TI and ETMT sued SBI on open account, alleging that SBI has failed to pay plaintiffs for storage services related to SBI's steel pipe products and seeking past due and delinquent amounts. TI and ETMT also allege SBI's Chief Operating Officer, defendant Mudit Agarwal, individually engaged in wrongful conduct by defaming TI and ETMT in SBI's first-filed lawsuit in Harris County.

In their motion, SBI and Agarwal argue that they are citizens of Texas, and that the business dispute that underlies this action and the first-filed suit in Harris County, Texas arises out of conduct -- including negotiation and execution of a

---

[1] *See* Petition, attached as Exhibit B to Motion to Dismiss, Doc. 5.

contract -- which occurred in Texas. Defendants argue that they have no ties to the state of Louisiana, and that because they did not purposely direct their activities toward Louisiana and the contract was created and entered into in Texas, the plaintiffs' claims should be dismissed for lack of personal jurisdiction.

Alternatively, defendants argue that this proceeding should be stayed to avoid duplicative, inefficient litigation because the first-filed suit involving the same transaction and occurrence at issue was filed in Harris County, Texas. Defendants argue the Texas lawsuit should proceed while this matter is stayed pending resolution of any jurisdiction and venue issues in Texas and should only thereafter proceed in this Court if the Texas suit is dismissed, as it would be inefficient and impractical (for the parties and the courts) to simultaneously carry on multiple suits involving the same issues. Again, TI and ETMT do not oppose the instant motion to dismiss or stay.

## II. LAW AND DISCUSSION

### 1. Personal Jurisdiction

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N'care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The plaintiff bears the burden in the instant case of establishing the personal jurisdiction of this

Court over SBI and Agarwal.

When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Guidry v. U.S. Tobacco, Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff [ ] for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings." *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996). The Court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery. *Id.*

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990). In the instant case, "these two inquiries merge into one because

Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (reversed in part on other grounds), *citing* La. R.S. 13:3201(B). "The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to "the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'" *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 5th Cir. 2012).

A court may exercise personal jurisdiction over a non-resident defendant when "(1) that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) *quoting Int'l Shoe*, 326 U.S. at 316.

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those

5

activities; and (3) the exercise of jurisdiction is fair, just, and reasonable. *Nuovo Pignone, SpA,* 310 F.3d 378, *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990).

Of note is the fact that the plaintiffs have not opposed the instant motion. The Fifth Circuit has not explicitly addressed how district courts should consider unopposed motions to dismiss for lack of personal jurisdiction. *Giles v. Bayview Loan Servicing, L.L.C.*, 2020 WL 6483119, at *3 (E.D. La. Nov. 4, 2020), *citing*

*State Farm Fire & Cas. Co. v. Diva Limousine, Ltd.*, 2014 WL 4450427, at *4 (E.D. La. Sept. 10, 2014). However, district courts in the Fifth Circuit have resolved unopposed motions to dismiss for lack of personal jurisdiction by asking whether the plaintiff's complaint alleges a *prima facie* case of personal jurisdiction. *Giles*, 2020 WL 6483119 at *3.

### A. General personal jurisdiction

General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609–10 (5th Cir. 2008), *citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). In *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 131 S. Ct. 2846, 2851 (2011), the court explained, "[a] court has general jurisdiction over a foreign corporation when its "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." In *Daimler AG v. Baumer*, the Supreme Court clarified the "at home" standard described in *Goodyear*, reasoning that companies should not be forced to defend themselves in jurisdictions where they may have a presence, or even where they conduct significant amounts of business, yet are not "at home." 134 S. Ct. 746, 760-62 (2014). "The continuous and systematic contacts test is a difficult

one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F. 3d 602, 609 (5th Cir. 2008). *See also Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir.2001) (citation omitted) "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction ...." *Johnston*, 523 F.3d at 610, *citing Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir.2002) (citations omitted). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Johnston*, 523 F.3d at 610, *citing Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir.2007) (citation omitted).

"General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir.1999). The contacts must be reviewed in toto, and not in isolation from one another. *Holt Oil & Gas Corp. v. Ha*rvey, 801 F.2d 773, 779 (5th Cir.1986); *see also Religious Tech. Ctr.*, 339 F.3d at 374 ("None of the activities individually constitutes a substantial or meaningful contact with Texas, Texas law, or Texas residents, and certainly considered in toto they fail to amount to continuous and systematic contact with Texas such that general jurisdiction is created."). But vague and

overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir.1999).

Along with their motion, SBI attaches the Affidavit of Agarwal, in which he attests to the following: SBI is a Texas company, which conducts steel pipe manufacturing; SBI is not a Louisiana company, is not registered to do business in Louisiana, owns no property in Louisiana, has no offices in Louisiana, and conducts no operations in Louisiana; SBI has no employees or agents in Louisiana conducting business on its behalf; SBI does not pay taxes in the state of Louisiana, nor does it advertise, maintain a bank account, or regularly maintain movable assets in the state of Louisiana. Similarly, Agarwal argues that he is a citizen of Texas and lives and works for SBI in Texas. He is not a Louisiana resident, nor does he have systematic contacts with the state of Louisiana.[2] TI and ETMT do not controvert the attestations contained within Agarwal's affidavit.

After a review of the record and considering the uncontroverted allegations of SBI in its motion, the undersigned finds that TI and ETMT have not demonstrated that SBI and Agarwal have continuous or systematic activities or relationship with the State of Louisiana giving rise to general personal jurisdiction.

---

[2] *See* Affidavit of Mudit Agarwal, attached as Exhibit C to the Motion to Dismiss [Doc. 5].

## B. Specific personal jurisdiction

Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable. *Nuovo Pignone, SpA,* 310 F.3d 378, *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). As the Court stated in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (U.S. 2011):

> Specific jurisdiction . . . depends on an "affiliatio[n] between the forum and the underlying controversy," principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of "issues deriving from, or connected with, the very controversy that establishes jurisdiction."

(internal citations omitted).

With respect to specific jurisdiction, defendants argue the contract, transaction, material, and transport involved in this case occurred in the state of Texas. They further argue that the contract negotiated and executed by the parties for the storage of steel pipe products owned by SB International is a Texas legal relationship between Texas parties; the material at issue in this case was never intended to reach Louisiana per the contract terms, nor did defendants direct the material to be sent to Louisiana; defendants had no interaction or intent to utilize the

privileges and protections of Louisiana while conducting its business activities in the state of Texas; and any involvement of Louisiana was initiated by the plaintiffs and is contrary to the contractual agreement reached by the parties.

The plaintiffs do not oppose the instant motion, therefore, this Court must determine whether the plaintiffs' complaint alleges a *prima facie* case of specific personal jurisdiction. Review of the Original Petition shows that the plaintiffs allege the following:

2.

JURISDICTION AND VENUE

> The court has personal jurisdiction and venue and choice of law over all of the defendants because this case arises out of two commercial contracts. One with TI (reference is made to the Contract between TI with SBI marked as Exhibit-A attached hereto and made part hereof), and another one with ETMT with SBI (reference is made to the Contract between ETMT and SBI marked as Exhibit-B attached hereto and made part hereof). Both contracts contain choice of jurisdiction and venue clauses naming Lafayette Parish and this Court as sole venue for any disputes, and choice of law clauses designating Louisiana law. Reference is made to Paragraphs 19 and 21 of each contract respectively.[3]

Therefore, plaintiffs argue the existence of a forum selection clause in each contract at issue in this litigation and argue that the forum selection clauses mandate that any disputes related to these contracts be brought in Lafayette, Louisiana and be

---

[3] *See* Original Petition, attached as Exhibit A to Notice of Removal, Doc. 1, Paragraph 2.

decided under Louisiana law. Despite the Original Petition's reference to the contracts at issue and its statement that the contracts are attached to the Petition, for some reason, when the defendants filed their Notice of Removal, the contracts attached to the Petition were not filed into the record in this matter.

Importantly, in his Affidavit, Agarwal states that "the contract at issue in this case was not memorialized into any single written instrument."[4] Clearly, there is disagreement among the parties as to what documents evidence a contract or contracts among them.

The defendants' failure to include the "contracts" when filing the removal documents violates both the removal statute and this Court's standing Removal Order. 28 U.S.C. 1446(a) requires that a defendant removing a case must file a notice of removal, "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Additionally, in all cases removed to the Western District of Louisiana, the Removal Order filed by the Court requires the following:

> Within thirty (30) days the party who removed this action shall electronically file with the Clerk of Court:
>
> (a) a list of all attorneys involved in the case and the parties they represent,

---

[4] *See* Affidavit of Mudit Agarwal, attached as Exhibit C to Doc. 5, at para. 17.

> ***(b) copies or electronic images of all records and proceedings occurring in the State Court prior to removal, arranged by order of filing date,***
>
> **(c)** a list of all documents included in the State Court record, **arranged by order of filing date,**
>
> (d) a certificate by counsel that the above constitutes the entire State Court record.[5]

Here, when removing this matter, the defendants filed a Notice of Removal and attached a copy of the state court petition. That petition references and attaches copies of two contracts at issue in this matter: (1) a copy of the contract between plaintiff "Technical Industries" and SBI, and (2) a copy of the contract between plaintiff "Energy Technology Manufacturing and Threading" and SBI. For unexplained reasons, the defendants did not file either of the aforementioned contracts into the record of this matter when removing the case, in contravention of both Section 1446(a) and the Court's standing Removal Order.

Thus, while it appears that the plaintiffs may have presented a *prima facie* case of personal jurisdiction in their original petition – by arguing that forum selection clauses exist and by attaching the contracts that contain those clauses to the original petition -- because the contracts have not been provided, the undersigned is unable to determine whether the alleged forum selection clauses argued by the

---

[5] *See* Removal Order, Doc. 4 (emphasis added).

plaintiffs are valid and enforceable. For this reason, the undersigned cannot determine whether this Court has specific personal jurisdiction over the defendants by way of the contracts, and the defendants are not entitled to the requested relief of dismissal at this time.

**C. Motion to Stay**

Alternatively, the defendants seek a stay of this matter under either the *Colorado River* doctrine or the first-filed rule, arguing that the Texas lawsuit should proceed while this matter is stayed and should only proceed in this Court if the Texas lawsuit is dismissed.

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Homoki v. Conversion Servs., Inc.*, 488 F. App'x 848, 850 (5th Cir. 2012), *quoting Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The rule promotes both comity and sound judicial administration including maximizing judicial economy and minimizing the risk of inconsistent outcomes. *Green Tree Servicing, L.L.C. v. Clayton*, 689 F. App'x 363, 367 (5th Cir. 2017). The danger of refusing to apply the doctrine is that rulings made by the second-filed court "would either conflict with a ruling already made [by the first-filed court], rehash an issue already decided, or

trench on a sister court's treatment of the issue before it has been reached there." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999). "Therefore, the 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997); s*ee also Green Tree Servicing*, 689 F. App'x at 367 ("If there is 'substantial overlap' between the two cases, 'the court in which the case was last filed may refuse to hear it.'"), *quoting Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677-78 (5th Cir. 2011); *Burger v. Am. Mar. Officers Union*, 170 F.3d 184, 1999 WL 46962, at *2 (5th Cir. Jan. 27,1999) ("It was therefore within the [second-filed] court's broad discretion to decline jurisdiction over Burger's claims, and to defer to the first-filed court in order to avoid unnecessary litigation and the risk of an inconsistent result."); *Cadle*, 174 F.3d at 603 ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."); *Stone Clinical Laboratories, LLC v. Agena Bioscience, Inc.*, 2019 WL 6910265, at *2 (E.D. La. Dec. 19, 2019) (because of substantial overlap between two cases, "the proper course of action is for the court to transfer the case to the first-filed court to

determine which case should, in the interests of sound judicial administration and judicial economy, proceed"), *quoting Cadle*, 174 F.3d at 606 (alterations omitted).

Here, a review of the pleadings in the first-filed matter in Texas state court and the matter removed to this Court shows that there is substantial overlap between the two cases. The same three corporate entities are involved in both lawsuits. Although Mudit Agarwal, SBI's COO, has been added as a defendant in the instant case but is not a party to the Texas lawsuit, the claims against Agarwal arise out of his conduct in the Texas lawsuit. Furthermore, the claims in both cases arise out of the same "contracts" between the parties. Under the first-to-file rule, the proper course of action is for this Court to either transfer or stay this matter so that the first-filed court can determine which case should, in the interests of sound judicial administration and judicial economy, proceed. No motion to transfer is before this Court, however, the defendants have asked this Court to stay the matter pending the outcome of the litigation in Texas state court. The undersigned concludes a stay will prevent inefficient, piecemeal litigation and allow the Texas court to determine which case should proceed.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that the unopposed Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, Motion to

Abstain or Stay [Doc. 5] be GRANTED IN PART AND DENIED IN PART. It is RECOMMENDED that the Motion to Dismiss for Lack of Personal Jurisdiction be DENIED at this time, and that the Motion to Stay be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 21st day of December, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE