UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TECHNICAL INDUSTRIES INC ET AL** | **CASE NO. 6:20-CV-01065** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **S B INTERNATIONAL INC ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

MEMORANDUM RULING

Presently before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, Motion to Abstain or Stay [Doc. 5] filed by defendants SB International, Inc. and Mudit Agarwal (collectively "Defendants"). The Court referred the matter to the magistrate judge for report and recommendation. The magistrate judge issued a Report and Recommendation ("R&R") [Doc. 10] on December 21, 2020. The R&R recommends that the Motion to Dismiss be denied without prejudice and that the Motion to Stay be granted based on the "first-filed" rule. Defendants have filed an Objection to the R&R.

**I.**
**BACKGROUND**

The instant lawsuit arises from a contract between plaintiffs Technology Industries, Inc. and Energy Technology Manufacturing & Threading, LLC (collectively "Plaintiffs") and defendant SB International, Inc. ("SBI"). SBI filed a lawsuit in Harris County, Texas. Several months after the Texas state court lawsuit was filed, the present lawsuit was filed by Plaintiffs in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana. Defendants removed the case to this Court on August 17, 2020.

Defendants assert that the Court lacks personal jurisdiction over them in Louisiana. In the alternative, Defendants argue that the case should be stayed to avoid duplicative litigation as a result of a first-filed suit involving the same transaction and occurrence pending in Texas state court in Harris County, Texas.

## II.
## Law and Analysis

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[1] Where, as here, a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction.[2] "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff [ ] for purposes of determining whether a prima facie case for personal jurisdiction has been established."[3] "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings" but may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[4]

A court may exercise personal jurisdiction over a non-resident defendant when "(1) that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'"[5]

---

[1] *Luv N'care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).
[2] *Guidry v. U.S. Tobacco, Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999).
[3] *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).
[4] *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).
[5] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction.[6] Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable.[7] General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action.[8]

Defendants submitted an affidavit from Agarwal, in which he attests to the following: SBI is a Texas company, which conducts steel pipe manufacturing; SBI is not a Louisiana company, is not registered to do business in Louisiana, owns no property in Louisiana, has no offices in Louisiana, and conducts no operations in Louisiana; SBI has no employees or agents in Louisiana conducting business on its behalf; SBI does not pay taxes in the state of Louisiana, nor does it advertise, maintain a bank account, or regularly maintain movable assets in the state of Louisiana. Similarly, Agarwal argues that he is a citizen of Texas and lives and works for SBI in Texas. He is not a Louisiana resident, nor does he have systematic contacts with the state of Louisiana.[9] Plaintiffs did not respond to the Motion to Dismiss or otherwise controvert the statements made in the affidavit. Accordingly, the magistrate judge concluded that Plaintiffs had failed to demonstrate that Defendants have continuous or systematic activities or relationship with the State of Louisiana giving rise to general personal jurisdiction.

---

[6] *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).
[7] *Nuovo Pignone, SpA v. Storman Asia M/V, et al*, 310 F.3d 378, citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).
[8] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).
[9] *See* Affidavit of Mudit Agarwal, attached as Exhibit C to the Motion to Dismiss [Doc. 5].

As to specific jurisdiction, the magistrate judge reviewed the Plaintiff's Original Petition, which referenced contracts containing "choice of jurisdiction and venue clauses naming Lafayette Parish as the sole venue for any disputes" and choice of law clauses designating Louisiana law. The Petition did not quote the specific language of these forum selection clauses but indicated that the relevant contracts were attached as exhibits. In his Affidavit, Agarwal states that "the contract at issue in this case was not memorialized into any single written instrument."[10] He further states that SBI never signed a contract (or agreed to "Terms and Conditions") addressing jurisdiction and did not consent to jurisdiction in Louisiana. Defendants filed a copy of the state court record with their Notice of Removal. This record included the Original Petition but there were no copies of any of the contracts referenced in the Petition. The R&R refers the requirement that a removing party provide a copy of all documents contained in the state court record. The R&R concludes that since the Defendants failed to include a copy of the contracts referenced in the Original Petition, the court was unable to review the contracts to determine whether there were enforceable forum selection clauses. The R&R recommends that the motion to dismiss be denied because the court was unable to determine whether specific personal jurisdiction exists over Defendants.

Defendants have filed an Objection to the Report and Recommendation with additional information about the state court record. Defendants acknowledge that there were no contracts attached to their Notice of Removal. However, Defendants state that there were no contracts attached to the Original Petition that was filed and served in the state court proceeding. Plaintiffs never filed or otherwise produced any contracts to support their assertion that a valid, enforceable forum selection clause supports personal jurisdiction. Nor did Plaintiffs respond to Defendants'

---

[10] *Id.* at Paragraph 17.

Objection to the R&R. Given Defendants' explanation of the state court record, the Court declines to penalize Defendants by denying their motion to dismiss when it does not appear that they have violated the removal statute or the Court's Standing Removal Order.

Turning to the record, Plaintiffs' bare allegation that a contractual forum selection clause supports the exercise of personal jurisdiction does not present prime facie basis for jurisdiction given (1) Plaintiffs do not quote or otherwise provide any detail on the text of the forum selection clause; (2) Plaintiffs have not submitted any contract containing a forum selection clause; and (3) affidavit testimony that Defendants never agreed to a Louisiana forum selection clause or otherwise consent to jurisdiction in Louisiana. At no point have Plaintiffs offered a response, argument, or evidence to support personal jurisdiction in light of Defendants' affidavit testimony controverting jurisdiction and the existence of a forum selection clause. Moreover, nothing else in the record supports specific jurisdiction. The record reflects that that the transactions, material, and transportation involved in this case occurred in the state of Texas; the material at issue in this case was never intended to reach Louisiana, nor did defendants direct the material to be sent to Louisiana; defendants had no interaction or intent to utilize the privileges and protections of Louisiana while conducting its business activities in the state of Texas; and any involvement of Louisiana was initiated by the Plaintiffs and is contrary to any contractual agreement reached by the parties.[11] Accordingly, the Court concludes that Plaintiffs have not established a prima facie basis for specific jurisdiction over Defendants.

---

[11] *Id.*

## III.
### CONCLUSION

As there is no basis for either general or specific personal jurisdiction against the Defendants, the Motion to Dismiss is GRANTED. The alternative request that the matter be stayed is DENIED AS MOOT.

THUS, DONE in Chambers on this 26th day of January, 2021.

                                              ROBERT R. SUMMERHAYS
                                          UNITED STATES DISTRICT JUDGE